## DOCK DUPREE v. THE STATE.

1. CHANGE OF VENUE.—It is no longer questionable that, when the defendant asks a change of venue on account of prejudice or influential combination against him, the court may examine his supporting affiants touching their means of knowledge respecting the matters alleged in their affidavits.

2. SAME.—The discretion vested in the district judges to determine the truth and sufficiency of applications for change of venue is a judicial, not a personal, discretion, and subject to revision by this court, on appeal, when duly presented by bill of exceptions.

3. SAME.—A change of venue cannot be granted upon a different ground than that specified in the application.

4. SAME—CASE STATED.—Accused and his three supporting affiants swore positively to an influential combination against him, etc. The court below, despite objection by the accused, examined his affiants, and they disclosed their ignorance of such a combination, but concurred in stating that such prejudice existed against the accused that he could not get a fair trial in the county. *Held*, that the application was correctly overruled, though no countervailing witnesses were called to disprove the alleged combination.

APPEAL from the Criminal District Court of Harris. Tried below before the Hon. G. COOK.

The jury awarded the appellant five years in the penitentiary.

*Crank & Webb*, and *E. P. Turner*, for the appellant. In this case the defendant based his application for a change of venue on his own affidavit, supported, as required by the law, by the affidavits of three credible persons, residents of Harris county.

The law having been complied with, a *prima facie* case was made, and, unless the credibility of the three persons supporting the application had been attacked and overthrown, the defendant had the right to have the venue changed. *Walker* v. *The State*, 42 Texas 376.

The record shows that the three persons whose affidavits

supported the defendant's application for a change of venue were by the court placed upon the stand, and examined in regard to the matter set forth therein. We submit that this was error. The discretion given the court in passing upon the truth and sufficiency of the application of the defendant is a judicial, and not a personal, one. *Walker* v. *The State*, 42 Texas, 376; and hence the action of the court can be revised by the court of appeals, when properly presented by bill of exceptions.

In this case the application for change of venue complies literally with the requirements of the statute. This will test and determine its sufficiency.

How is the truth of the same to be determined in contemplation of the law?

In this case the court seems to have satisfied itself by a species of cross-examination of the three persons who made the supporting affidavits, and of the defendant himself.

There was no effort on the part of the state to attack or overthrow the credibility of the parties, or to show that they were not credible persons, in any manner, or were obscure persons, or that the facts embodied in their affidavits and that of the defendant did not exist, by any proof of affirmative facts as authorized perhaps, as was done in the case of *Winkfield* v. *The State*, 40 Texas, 148. The state put not a witness on the stand to show any such fact.

The court is respectfully invited to act of April 4, 1874, entitled "An act to authorize and provide for a change of venue in civil cases," and especially to the 4th section thereof. Gen. Laws 1874, pp. 67–78.

If the change be imperative in a civil case—if the law is complied with—unless it be shown by proof that the persons making the affidavit are not credible persons, *a fortiori*, we submit, should this humane rule be made to apply in a case involving the life or liberty of a person?

The mode pursued in this case is without a precedent in the criminal or civil jurisprudence of the country, nor is it competent to attain the object of the investigation.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J.   The defendant, Dock Dupree, and Bob Spann were jointly indicted in the criminal district court of Harris county, for an assault with intent to murder Jack Falvel.   They severed on the trial, on the motion of Dock Dupree.   Bob Spann was first put on his trial, and was acquitted.

The defendant, Dock Dupree, made a written application for a change of venue, based on the second ground stated in Article 527 of the Code of Criminal Procedure (Pasc. Dig. Art. 2294), namely: " That there is a dangerous combination against him, instigated by influential persons, by reason of which he cannot expect a fair trial."

The affidavit on which this motion was based, after stating the case, is as follows:

" We, the subscribers herein, do solemnly swear that each of us is a resident citizen of Harris county, state of Texas, the county in which this cause is pending, and that there is a dangerous combination against him, said Dock Dupree, instigated by influential persons, by reason of which the said defendant cannot expect a fair trial.

[Signed]                               " DOCK DUPREE,
                                       " REUBEN THORNTON,
                                       " TAYLOR BURKE,
                                                 his
                                       " JOHN ⋈ BASS."
                                                 mark.

Article 2994 of the Code of Criminal Procedure reads: " A change of venue may be granted on the written application of defendant, supported by his own affidavit and the

affidavit of at least two credible persons, residents of the county where the prosecution is instituted, for either of the following causes, the truth and sufficiency of which the court shall determine: 1st, that there exists in the county where the prosecution is commenced so great a prejudice against him that he cannot obtain a fair and impartial trial; 2d, that there is a dangerous combination against him, instigated by influential persons, by reason of which he cannot expect a fair trial.''

When the defendant's application was presented to the court, the court, over the objections of the defendant, proceeded to examine the three persons who supported the said application of defendant, touching the truth of the matters set out in their affidavit. The first witness, Reuben Thornton, testified that he did not know of the existence of any combination or conspiracy of influential persons to secure the conviction of Dock Dupree. Taylor Burke, the next supporting witness, testified that, ''I don't know positively of my own knowledge that any combination of influential persons against Dock Dupree exists in this county, but believe so, and have been told so; I have been told so by Dock Dupree for one,'' etc. The third supporting witness testified, ''I know of no combination of influential citizens against Dock Dupree of my own knowledge—that is, never heard any one threaten him,'' etc.

All these witnesses, in their testimony before the court, stated that there existed in the county so great a prejudice against defendant that they believed he could not obtain a fair trial in the county. It is insisted on the part of counsel for the defendant that, when an application for a change of venue complies literally with the requirements of the statute, unless it is shown that the witnesses are not credible persons, or that the facts embodied in their affidavit did not exist, as was done in the case of *Winkfield* v. *The State*, 41 Texas, 148, the application must be held sufficient.

We make the following extract from an opinion of this court made in a similar case : "The court, not being satisfied of the truth of the matters deposed to in support of defendant's motion, had the affiants each sworn and examined, touching their means of knowledge with regard to the facts stated in their affidavits. This was done over objections by defendant. The correctness of this action of the court is no longer of doubtful or questionable propriety in this state." *Buie* v. *The State*, 1 Texas Ct. of App. 452. See, also, the authorities there cited.

The defendant's counsel also insists that the facts testified to by the witnesses were sufficient to satisfy the mind of the court of the existence of such prejudice in Harris county against the defendant as to render it impossible for him to get a fair trial there. It is a sufficient answer to this position to say that, under the law, the court could not grant a change of venue on any ground except that set out in the written application. Two out of the three supporting witnesses showed clearly by their testimony that they did not know of any combination such as was stated in the motion, by reason of which defendant could not obtain a fair trial.

The discretion given to the district judge in passing upon the merits of the application is a judicial, and not a personal, discretion, and his action may be revised by this court, on appeal, when properly presented by a bill of exceptions, as is done in this case. It is difficult to lay down in advance any general rule by which this court should be governed, further than that we would presume the lower court acted properly, unless the contrary is made to appear with reasonable certainty in the record. We are not prepared to say that the course pursued by the lower court, to ascertain the truth and sufficiency of the grounds set out in the written application in this case, was not competent to attain the object of the investigation.

We have carefully examined the assignments of error taken by the defendant, and we find nothing in the record that would warrant a reversal of the judgment. The charge of the court was as favorable to the defendant as the law and the testimony warranted. We believe that the judge in the court below, in his charge to the jury, distinctly set forth the law applicable to the case, and that the evidence is sufficient to sustain the verdict.

The judgment of the lower court is, therefore, affirmed.
*Affirmed.*